UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GO HOME, LTD.,

                                         Plaintiff,

    -against-

INFINITE HARMONY, INC.,

                                       Defendant.
-------------------------------------------------------------X

<u>SUA SPONTE</u>
<u>REPORT AND RECOMMENDATION</u>

18-CV-04358 (NG) (ST)

**TISCIONE, United States Magistrate Judge:**

      The Court issues this Report and Recommendation *sua sponte* to recommend dismissal of the claims of Plaintiff Go Home, Ltd. for its failure to prosecute. On August 1, 2018, Go Home, Ltd. ("Plaintiff") commenced this civil action against Infinite Harmony, Inc., ("Defendant"), alleging breach of contract and conversion claims, (ECF No. 1 ¶ 3) by issuing a summons on the Defendant. ECF No. 3. On September 18, 2018, a scheduling order was issued to set an initial conference for November 19, 2018 (ECF No. 6) and subsequently on September 20, 2018, the case was referred to arbitration and notice was issued. *See* Docket Order (Sept. 20, 2018); Notice Designating Case to Arbitration, ECF No. 7. On November 13, 2018, Plaintiff requested that the initial conference be cancelled as the Defendant had not taken any action after being served, and had therefore defaulted on this matter. Order Granting Motion to Adjourn Conference, ECF No. 9. Plaintiff then requested a certificate of default on November 20, 2018 (ECF No. 10) which was initially denied as Plaintiff failed to file an attorney's affirmation. See Docket Order (Nov. 27, 2018). Subsequently, on December 4, 2018, Plaintiff refiled their request, and on December 6, 2018, Plaintiff obtained a certificate of default from the Clerk of Court. ECF No. 12. For over a year, neither party had shown any activity in this docket. On May 11, 2020, this Court ordered

Plaintiff to file a motion for default by May 29, 2020. *See* Docket Order (May 11, 2020). Plaintiff failed to comply with this Court's order or otherwise communicate with the Court. Consequently, on July 17, 2020 the Court ordered that by July 24, 2020 the Plaintiff shall show cause why this case should not be dismissed for failure to prosecute. *See* Docket Order (July 17, 2020). To date, Plaintiff has failed to respond to this Court's orders or otherwise communicate with this Court. Therefore, I respectfully recommend dismissal of this action.

## DISCUSSION

While dismissal for failure to prosecute is unquestionably a "harsh remedy" that should be limited to "extreme situations," it is axiomatic that a district court possesses the inherent power to manage its own affairs to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 576-75 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-01 (1962)). The Federal Rules of Civil Procedure provide that "if a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it" and the Court, in its discretion, may grant such a dismissal. Fed. R. Civ. P. 41(b); *see Link*, 370 U.S. at 633; *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995).

The Second Circuit enumerated five principal factors a court should consider in dismissing a case for failure to prosecute:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 575 F.3d 248, 254 (2d Cir. 2004)). Generally, no one single factor is dispositive. *Id.*

With regard to the first factor, the failure of the Plaintiff to participate in this case has been of sufficient duration to warrant dismissal. On December 6, 2018, Plaintiff obtained a certificate of default from the Clerk of Court (ECF No. 12) and the Plaintiff has failed to participate in the case since. Further, Plaintiff has failed to respond to the Court's May 11, 2020 Docket Order requiring the Plaintiff to file a motion for default no later than May 29, 2020 and the Court's July 17, 2020 Order to Show Cause. Docket Order (July 17, 2020). Although there is no fixed period of time during which a plaintiff's failure to prosecute becomes significant enough to warrant dismissal, delays of several months have been found to suffice. *E.g.*, *Caussade v. United States*, 293 F.R.D. 625, 629-30 (S.D.N.Y. 2013). Plaintiff's lack of action has led this case to lay idle and caused a hindrance in moving forward, which weighs heavily in favor of dismissal.

The second factor was satisfied on July 17, 2020 when this Court warned that Plaintiff's failure to show cause by July 24, 2020 may result in a recommendation of dismissing of the case. Docket Order (July 17, 2020). As to the third factor, Defendant will be prejudiced by further delays. Typically, a court examining this factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or there is a need to prove actual prejudice was suffered. *See Caussade*, 293 F.R.D. at 630. ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable. . . . However, in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.") (internal quotation marks and citations omitted). Here, while both parties have failed to participate in this case, the Plaintiff's lack of action in prosecuting this case creates the presumption that the delay is prejudicial against Defendant, weighing in favor of dismissal.

Fourth, dismissing this case would aid the Court's effort to ease docket congestion. Of course, the Court "must not let its zeal for a tidy calendar overcome its duty to do justice." *Outley v. City of New York*, 837 F.2d 587, 589 (2d Cir. 1988) (internal quotation marks and citations omitted). However, in a case like this one, where Plaintiff is repeatedly unresponsive to the Court's orders and explicit deadlines, the Court should not hesitate to find that the need to alleviate docket congestion outweighs Plaintiff's right to be heard. Plaintiff "has shown little interest in prosecuting this case," as it has not been in contact with the Court since 2018 and have failed to comply with this Court's orders. *See Caussade*, 293 F.R.D. at 631. Therefore, this Court can only conclude that "[i]t is not an efficient use of the Court's or [D]efendants' resources to permit this case to languish on the docket in the hope that [P]laintiff will reappear in the future." *Davison v. Grillo*, 2006 WL 2228999, at *2 (E.D.N.Y. June 27, 2006), *adopted by*, 2006 WL 2228999 (E.D.N.Y. Aug. 3, 2006). Thus, this factor also weighs in favor of dismissal for failure to prosecute.

Finally, the fact that Plaintiff failed to comply with this Court's order dated May 11, 2020 to file a motion for default and subsequent order to show cause dated July 17, 2020 warrants dismissal. *See Caruso v Fin. Recovery Servs.*, No. 19-CV-4706 (JMA)(AKT), 2020 U.S. Dist. LEXIS 15954, at *3 (E.D.N.Y. Jan. 30, 2020) (dismissing case for failure to prosecute because Plaintiff failed to comply with this Court's Orders); *Henderson v Capital Mgmt. Servs., L.P.*, No. 19-CV-3771(JMA)(AYS), 2020 U.S. Dist. LEXIS 6282, at *3 (E.D.N.Y. Jan. 14, 2020) (same).

## CONCLUSION

Here, all five factors weigh heavily in favor of dismissal for failure prosecute. Thus, I recommend that the instant action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Caussade*, 293 F.R.D. at 631-32 (dismissing with prejudice).

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

_____/s/_____
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
       September 17, 2020